1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION, | ) | |
| Plaintiff, | ) | Case No.  2:05-cv-00577-PMP-GWF |
| vs. | ) | **ORDER** |
| SYNERGY DYNAMICS INTERNATIONAL, LLC., et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Delphi Technology, Inc. and James Hsieh's Motion to Stay Discovery or in the Alternative to Bifurcate Discovery to the Issue of License (#126), filed on September 18, 2006; Defendant and Counterclaimant Media Owl, Inc.'s Notice of Non-Opposition to Defendants Delphi Technology, Inc. and James Hsieh's Motion to Stay Discovery or in the Alternative to Bifurcate Discovery to the Issue of License (#135), filed on October 4, 2006; Plaintiff U.S. Philips Corporation's Opposition to Defendants Delphi Technology, Inc.'s and James Hsieh's Motion to Stay Discovery or in the Alternative to Bifurcate Discovery to the Issue of License (#136), filed on October 6, 2006; Defendants Delphi Technology, Inc. and James Hsieh's Reply in Support of a Stay of Discovery or in the Alternative to Bifurcate Discovery to the Issue of License (#144), filed on October 16, 2006.  The Court conducted a hearing in this matter on November 16, 2006.

**BACKGROUND**

This is a patent infringement action in which the Plaintiff U.S. Phillips Corporation alleges that Defendants have infringed its patent(s) for digital versatile disc or digital video disc ("DVD") products.

In general, Plaintiff alleges that it is the lawful patent holder for DVD technology.  Plaintiff alleges that Defendant Delphi Technology, Inc., a Nevada corporation, and its chief executive officer ("CEO") and majority owner, Defendant James Hsieh, have infringed its patent by manufacturing or distributing unlicensed DVDs which have been made, used, sold, offered for sale in, and/or imported into the United States.  Commencement of discovery in this case was delayed for a period of several months while the parties attempted to resolve the case through settlement and sort out service of the complaint and amended complaint on the foreign defendants.  On August 28, 2006, the Court entered a discovery plan and scheduling order in this action.  (#115)  On September 8, 2006, Defendants Delphi Technology, Inc. and James Hsieh filed a motion for leave to file a motion for summary judgment under seal (#120, #121) which was granted by the Court on September 13, 2006.  (#122)  The motion for summary judgment has now been fully briefed and is under submission awaiting hearing and/or decision by the District Judge.

In support of their Motion to Stay Discovery or in the Alternative to Bifurcate Discovery to the Issue of License (#126), Defendants argue that they have a strong likelihood of success on their pending motion for summary judgment, based in part on the affirmative defense of a license from Plaintiff. Defendants argue that requiring them to respond to Plaintiff's discovery requests will be both unnecessary (if the motion is granted) and also extremely burdensome on Defendants who argue that the actual amount in controversy is less than $8,000.00.

The parties agree that on or about May 3, 2004, Plaintiff entered into a License Agreement with Delphi Technology, Inc., a Taiwanese corporation (hereinafter "Delphi Taiwan"), regarding use of Plaintiff's patented DVD technology.  Under the terms of that License Agreement, Delphi Taiwan is authorized to manufacture DVDs in Taiwan and sell or otherwise dispose of licensed DVD products manufactured in Taiwan anywhere in the world.  Defendant Delphi Technology, Inc. ("hereinafter "Delphi USA") is a Nevada corporation and allegedly is an affiliate of Delphi Taiwan.  Defendant Delphi USA argues that under section 1.14 of the License Agreement, it is an "Associated Company" of the named licensee, Delphi Taiwan, and is accordingly also a licensee and, therefore, has a complete legal defense to Plaintiff's patent infringement action.  Defendant Delphi USA contends that it has no manufacturing facility in the United States or elsewhere and that the only DVDs it has sold or disposed

of are those manufactured by Delphi Taiwan.

Plaintiff argues that Delphi Taiwan is the only licensee under the "Grant rights" in section 2 of the License Agreement.  Plaintiff argues that the relevant provisions regarding "Associated Companies" in the License Agreement is provided in section 4.2 which states that the licensee, Delphi Taiwan, shall pay a royalty to Plaintiff for each DVD sold or otherwise disposed of by Delphi Taiwan, or any of its "Associated Companies" or agents.  Plaintiff acknowledges, however, that if Delphi USA merely sells or disposes of DVDs manufactured by Delphi Taiwan in Taiwan, and Delphi Taiwan makes the royalty payments for all such DVDs, then Delphi USA is not infringing on Plaintiff's DVD patent.  Plaintiff contends, however, that it has reason to believe that Delphi USA and/or its CEO and majority owner, Defendant James Hsieh, and other corporations that he controls or is involved with, have manufactured unlicensed DVDs, or obtained infringing DVDs from non-licensed sources, which they have then sold or distributed in the United States in violation of Plaintiff's patent rights.

In addition to its defense based on license, Defendants argue that Plaintiff has not made the necessary predicate showing for a claim of patent infringement against Defendant James Hsieh, individually, and that he should be granted summary judgment.  Defendants also argue that the other companies through which Defendant Hsieh has allegedly engaged in infringing activity are indispensable parties and that Plaintiff's action against Defendant Hsieh may not proceed in the absence of those companies as defendants in this action.  Plaintiff's Opposition (#130) to Defendants' motion for summary judgment briefly states that it is based on Fed.R.Civ.Pro. 56(e) and (f), but does not attach an affidavit in support of a request for additional time to conduct discovery to respond to Plaintiff's motion for summary judgment.  Plaintiff is apparently content in the belief that Defendants have not set forth sufficient evidence of undisputed facts to support the granting of summary judgment.

## DISCUSSION

The issue before this Court is whether discovery should be stayed or partly stayed, pending the decision on Defendants' motion for summary judgment (#121).  Fed.R.Civ.Pro. 26(c)(1) and (4) generally provides that the court may enter a protective order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden and expenses, including an order that disclosure or discovery not be had, or that certain matters not be inquired into, or that the scope of the

1  disclosure or discovery be limited to certain matters.  Rule 26(c), like each of the Federal Rules of Civil

2  Procedure, is to be construed and administered, in accordance with Rule 1, to secure the just, speedy

3  and inexpensive determination of every action.  Under these provisions, the Court may, in appropriate

4  circumstances, stay discovery or require that discovery be limited or conducted in stages.

5      The party seeking a stay of discovery carries a heavy burden of making a "strong showing" why

6  discovery should be denied.  *Skellerup Industries, LTD v. City of Los Angeles*, 163 F.R.D. 598, 600

7  (C.D.Cal. 995), citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 419 (9th Cir. 1975).  *Sullivan v.*

8  *Prudential Insurance Co.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005) further states that the moving party

9  must show a particular and specific need for the protective order as opposed to making stereotyped or

10  conclusory statements.  Even if good cause is shown, the court must still balance the interests in

11  allowing discovery against the relative burdens to the parties.  The court has discretion to impose a stay

12  of discovery pending the disposition of a dispositive motion.  *Hachette Distribution, Inc. v. Hudson*

13  *County News Company, Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).  In discussing whether discovery

14  should be stayed on this ground, *Hachette* states:

15      Discovery should be stayed, however, only when there are no factual
        issues in need of further immediate exploration, and the issues before the
16      Court are purely questions of law that are potentially dispositive . . .
        (citations omitted)

17

18      In considering whether a stay of all discovery pending the outcome of a
        dispositive motion is warranted, a case-by-case analysis is required, since
19      such an inquiry is necessarily fact-specific and depends on the particular
        circumstances and posture of each case.   To assist in this determination,
20      the Court is guided by the following factors, none of which is singly
        dispositive:  the type of motion and whether it is a challenge as a "matter
21      of law" or to the "sufficiency" of the allegations;  the nature and
        complexity of the action;  whether counterclaims and/or cross-claims
22      have been interposed;  whether some or all of the defendants join in the
        request for a stay;  the posture or stage of the litigation;  the expected
23      extent of discovery in light of the number of parties and complexity of the
        issues in the case;  and any other relevant circumstances.

24      Defendants cite *Jim Arnold Corporation v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1577

25  (Fed.Cir. 1997), in support of their argument that where an affirmative defense of license is posited to a

26  claim for patent infringement, it is appropriate for the court to stay all discovery until the validity of the

27  license is determined.  Citing its previous decision in *Air Products and Chemicals, Inc. v. Reichhold*

28  *Chemicals, Inc.*, 755 F.2d 1559, 1 (Fed.Cir. 1985), the court in *Arnold* stated:

4

> We recognize that in cases where a license is pled as a defense, or where the license defense is anticipated in the complaint, that the most expeditious conduct of the trial would necessitate that the license issue be resolved first, for if the license issue is resolved in defendant's favor the infringement issue is mooted ... A district court ... is not precluded in patent suits from resolving non-patent questions, and the fact that a question of contract law must be decided prior to reaching the infringement question does not defeat federal subject matter jurisdiction.

*Arnold* does not require the court to stay discovery in a patent infringement action merely because a defense of license is pled or because a defendant has filed a motion for summary judgment based on its license defense.  The decision whether to grant a stay of discovery still requires the court to determine whether the issues before the court on the motion for summary judgment are purely questions of law that can and should be decided before the parties engage in burdensome, expensive and potentially unnecessary discovery.

In deciding whether Defendants have made the "strong showing" required to support their instant Motion to Stay Discovery (#126), this Court must, of necessity, consider the arguments made in the motion for summary judgment and make a preliminary assessment whether the motion for summary judgment is likely to be granted.  In recognition of this, both parties have attached to their briefs on this motion, their respective motion for summary judgment and opposition to the motion for summary judgment.  The Court has also reviewed and considered Defendants' reply brief in support of their motion for summary judgment.

There is no dispute that there is a License Agreement between Plaintiff and Delphi Taiwan. Delphi USA argues that as an "Associated Company," it is also a licensee and therefore has a complete defense to Plaintiff's patent infringement claims.  Plaintiff argues, however, that Delphi USA is not a licensee and that its status as an "Associated Company" merely means that the licensee, Delphi Taiwan, is obligated to pay royalties to Plaintiff for licensed DVDs which are sold or otherwise disposed of by Delphi USA.  In this Court's opinion, and for purposes of deciding this motion to stay discovery, Plaintiff's reading of the license agreement appears to be correct.  Defendants, therefore, have not made a "strong showing" that they are likely to prevail on that ground as a matter of law.

The issue appears to be whether Delphi USA, Defendant Hsieh or other companies that he allegedly controls, have sold or disposed of DVDs that were not manufactured in Taiwan under license

1  by Delphi Taiwan.  This is a factual issue rather than a purely legal question.  Although Defendants

2  assert that they have no DVD manufacturing facility in the United States and implicitly argue that they

3  have not sold DVDs other than those manufactured under license in Taiwan by Delphi Taiwan,

4  Defendants have not provided an affidavit by Defendant Delphi USA or Defendant Hsieh, or other

5  admissible evidence, to support their assertions.  Defendants contend, however, that because Plaintiff

6  has the burden of proof to show that Defendants have infringed upon their patents, all that Defendants

7  need do is assert their denial of any infringement and the burden then shifts to Plaintiff on the motion

8  for summary judgment to come forward with admissible evidence to support their claims of

9  infringement.  If Defendants were moving for summary judgment after discovery was completed in this

10  case, their argument in this regard would have more merit.  Defendants, however, seek to obtain

11  summary judgment before the parties engage in active discovery and seek to preclude Plaintiff from

12  conducting any discovery that is potentially relevant to the motion for summary judgment.

13        In support of their motion for summary judgment and motion to stay, Defendants rely on Federal

14  Circuit decisions regarding the patent claimant's attorney's Rule 11 obligation to conduct a pre-

15  litigation infringement inquiry.  *See View Engineering, Inc. v. Robotic Visions Systems, Inc.*, 208 F.3d

16  981, 986 (Fed. Cir. 2000) and *Judin v. United States*, 110 F.3d 780 (Fed. Cir. 1997).  Rule 11(b)(3)

17  provides that the attorney certifies that to the best of his knowledge, information and belief, formed

18  after an inquiry reasonable under the circumstances, the allegations and other factual contentions have

19  evidentiary support or, if specifically so identified, are likely to have evidentiary support after a

20  reasonable opportunity for further investigation or discovery.  Defendants argue, here, that discovery

21  should be stayed because Plaintiff has not shown that its claims pass Rule 11 muster.

22        In *View*, the defendant filed a counterclaim alleging that the plaintiff had infringed eight of its

23  patents.  At the time the counterclaim was filed, defendant had not seen plaintiff's products and its

24  counterclaim was based solely on defendant's knowledge of its patents, plaintiff's own advertising and

25  its claims to customers as to what its machines did, and the defendant's knowledge and understanding

26  of the technology required in the field. The parties thereafter engaged in discovery, including

27  production of plaintiff's trade secrets documents.  Plaintiff then filed a motion for summary judgment.

28  Thereafter, defendant withdrew its infringement claims as to five of the patents.  The court granted

6

1   summary judgment as to the three remaining patents and imposed Rule 11 sanctions on defendant.  The

2   defendant admitted that it had no factual basis for its infringement claim and its only defense to

3   sanctions was that plaintiff was uncooperative in providing documents prior to the lawsuit which would

4   have allowed it to determine whether plaintiff's products infringed its patents.  In affirming the award

5   of sanctions, the Federal Circuit in *View* stated:

6          Before filing counterclaims of patent infringement, Rule 11, we think,
          must be interpreted to require the law firm to, at a bare minimum, apply
7          the claims of each and every patent that is being brought into the lawsuit
          to an accused device and conclude that there is a reasonable basis for a
8          finding of infringement of at least one claim of each patent so asserted.
          The presence of an infringement analysis plays the key role in
9          determining the reasonableness of the pre-filing inquiry made in a patent
          infringement case under Rule 11. . . .
10

11         A patent suit can be an expensive proposition.  Defending against
          baseless claims of infringement subjects the alleged infringer to undue
12         costs - precisely the scenario Rule 11 contemplates.  Performing a pre-
          filing assessment of the basis of each patent infringement claim is,
13         therefore, extremely important.  In bringing a claim of patent
          infringement, the patent holder, if challenged, must be prepared to
14         demonstrate to both the court and the alleged infringer exactly why it is
          believed before filing the claim that it has a reasonable chance of proving
15         infringement.  Failure to do so should ordinarily result in the district court
          expressing its broad discretion in favor of Rule 11 sanctions, at least in
16         the absence of a sound excuse or considerable mitigating circumstances.

17  *View,* 208 F.3d at 986.

18         In *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004), the court

19  applied the Ninth Circuit's general law for imposition of Rule 11 sanctions which defines a frivolous

20  claim or pleading as one that is legally or factually baseless from an objective perspective and made

21  without a reasonable or competent inquiry.   *Q-Pharma* also states that in the context of patent

22  infringement actions, Rule 11 requires, at minimum, that an attorney interpret the asserted patent claims

23  and compare the accused device with those claims before filing a claim alleging infringement.  *Q-*

24  *Pharma* states that an infringement analysis can simply consist of a good faith, informed comparison of

25  the claims of patent against the accused subject matter.  Furthermore, under Rule 11, the plaintiff's

26  infringement analysis need not be correct.  Rather, in order for sanctions to be imposed, the claim must

27  be frivolous.

28  . . .

7

1    This case is not at the stage where Rule 11 sanctions may be considered because the

2    infringement claim has not been adjudicated.  Nor have the parties specifically addressed the scope of

3    the patents in the pending motions.  Plaintiff generally argues that its patented technology applies to all

4    DVDs sold in the United States.  Thus, Plaintiff contends that the manufacture, distribution or sale of

5    any DVDs in the United States infringes its patent rights, unless manufactured, sold or distributed

6    pursuant to a license agreement.  Plaintiff could be subject to Rule 11 sanctions if it is ultimately

7    determined that Defendants have not infringed its patents and Plaintiff's infringement claims are

8    determined to be frivolous.  In such circumstances, the Court could impose sanctions on the Plaintiff,

9    including requiring it to pay Defendants' fees and costs incurred in this action.

10    Defendants have not provided any admissible evidence, such as affidavits or documentary

11    records, which would support their assertions that they have not infringed Plaintiff's patents.  If such an

12    evidentiary showing had been made, the Court might be more inclined to consider requiring Plaintiff to

13    demonstrate a factual basis for their claims before proceeding with potentially burdensome discovery.

14    Defendants, however, request that the Court grant summary judgment based on Defendants' denial of

15    infringement and stay all discovery which may produce evidence relevant to Defendants' denial of

16    infringement.  Were the Court to accept this, any defendant in a patent infringement case could, by

17    filing a motion, prevent the initiation of discovery until the plaintiff has made an initial demonstration

18    of the merit of its claim.  Neither Rule 26, Rule 11, nor the other authority cited to the Court supports

19    such a procedure.

20    While the District Judge may take a different view of Defendants' motion for summary

21    judgment, this Court concludes that Defendants have not met their heavy burden of making a strong

22    showing of a likelihood of success on their motion for summary judgment, such that all discovery in

23    this action should be stayed pending decision on the motion for summary judgment.  In this case, the

24    issue of liability does not appear to be a purely legal question regarding the interpretation of the License

25    Agreement.  Rather, liability for infringement depends on the factual issue of whether Defendants have

26    manufactured, sold or distributed DVDs which are outside the scope of the License Agreement between

27    Plaintiff and Delphi Taiwan.  If Defendants have not manufactured or sold any DVDs other than those

28    manufactured by Delphi Taiwan under the License Agreement, then production of Defendants' business

1   documents would presumably support their defense and further their goal of obtaining summary

2   judgment or a reasonable settlement of this case.  Because a decision on Defendants' motion for

3   summary judgment may not be issued for some time, the Court concludes that all discovery should not

4   be stayed pending a decision on that motion.

5           For similar reasons, the Court is also not persuaded that discovery should be stayed in regard to

6   Plaintiff's claims against Defendant James Hsieh.  In support of their motions, Defendants rely on

7   *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544 (Fed. Cir. 1990), which holds that

8   corporate officers are not generally personally liable under 35 U.S.C. § 271(a) for patent infringement

9   committed by the corporation absent sufficient evidence to pierce the corporate veil.  *Manville* reversed

10  a judgment holding corporate officers personally liable for infringement because the evidence

11  established only that the corporate officers, acting within the scope of their employment, took actions

12  which contributed to the infringement.  The court found, however, that the corporation did not know of

13  the plaintiff's patent prior to the lawsuit and that its subsequent infringement of the patent continued

14  because of the corporation's good faith belief, based on advice of counsel, that it was not infringing.

15  The court also held that the corporation was not the *alter ego* of the officers and there was no factual

16  basis for piercing the corporate veil to impose personal liability under Section 271(a).  For similar

17  reasons, *Manville* held that there was no basis for liability under 35 U.S.C. 271(b) which imposes

18  personal liability on active infringers.  Under this section, the alleged infringer must be shown to have

19  knowingly induced infringement.  Again, because there was no evidence that the corporate officers had

20  knowingly induced the corporation to infringe the patents, they were not liable under Section 271(b).

21  Personal liability may arise, however, where the corporate officer knowingly induces the corporation to

22  infringe the plaintiff's patent.  *See Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565,

23  1579 (Fed. Cir. 1986); *Fromson v. Citiplate, Inc.*, 886 F.2d 1300, 1304 (Fed. Cir. 1989); and *Insituform*

24  *Techs. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1375 (Fed. Cir. 2004).

25          Here, Defendants seek to obtain summary judgment before Plaintiff has an opportunity to

26  conduct discovery into whether Mr. Hsieh is an active infringer under Section 271(b) or whether

27  grounds may exist to pierce the corporate veil under the *alter ego* theory.  These issues again involve

28  factual determinations.  Defendants have not made a strong showing that no factual basis exists for

1  pursuing a claim against Mr. Hsieh individually, such that the Court should stay all discovery regarding

2  Plaintiff's allegations against Mr. Hsieh pending a decision on the motion for summary judgment.

3         Finally, Defendant Hsieh seeks summary judgment and a stay of discovery pending a decision

4  on that motion on the grounds that other corporations which Defendant Hsieh allegedly controls or is

5  associated with, and which have allegedly infringed Plaintiff's patents, are indispensable parties.

6  Plaintiff argues, however, that it is pursuing an infringement claim against Defendant Hsieh as an active

7  infringer and Defendant Hsieh, if found liable, is a joint tortfeasor who may be sued separately from the

8  corporations he controls or through which the alleged infringement occurred.  The Court again

9  concludes that Defendants have not made a strong showing that discovery should be stayed based on

10  the failure to join indispensable parties.

11         Based on the foregoing, the Court, therefore, concludes that Defendants have not met their

12  heavy burden to make a strong showing that a stay of all discovery is warranted in this case pending a

13  decision on the motion for summary judgment.  Based on the arguments set forth in the parties' briefs

14  and made at the hearing on this motion, it is apparent that evidence or information regarding whether

15  Defendants have manufactured, sold or disposed of DVDs that were not manufactured under license by

16  Delphi Taiwan in Taiwan is key to Plaintiff's infringement claims.  It would thus make sense for the

17  parties to initially focus discovery on that issue.

18         The Court has reviewed Plaintiff's requests for production of documents attached to Plaintiff's

19  Opposition and Defendant's Reply.  Although the number of requests are voluminous, and in some

20  instances may be duplicative, they appear to substantially related to gathering documentary evidence

21  relating to whether Defendants are manufacturing, selling or disposing of DVDs not covered by the

22  License Agreement and regarding Defendant Hsieh's involvement or role in the Delphi USA and other

23  corporations which are allegedly infringing on Plaintiff's patents.  The Court, at this time, does not find

24  an adequate basis to stay discovery in this matter.  The Court, however, encourages counsel for the

25  parties to further meet and confer regarding the scheduling of discovery and prioritize their discovery to

26  those factual matters, i.e., manufacture, sale or distribution of non-licensed DVDs that both parties'

27  counsel indicated at the hearing may accomplish a resolution of this case.  Accordingly,

28  . . .

1

**IT IS HEREBY ORDERED** that Defendants Delphi Technology, Inc. and James Hsieh's

2

Motion to Stay Discovery or in the Alternative to Bifurcate Discovery to the Issue of License (#126) is

3

**Denied.**

4

DATED this 22nd day of November, 2006.

5

6

_____
GEORGE FOLEY, JR.

7

U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11