1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                                    DISTRICT OF NEVADA

9

10   U.S. PHILIPS CORPORATION,                )
                                              )
11                              Plaintiff,    )        Case No.  2:05-cv-00577-PMP-GWF
                                              )
12   vs.                                      )        **ORDER**
                                              )
13   SYNERGY DYNAMICS INTERNATIONAL,          )
     LLC., et al.,                            )
14                                            )
                                Defendants.   )
15   _____ )

16          This matter is before the Court on the following motions:

17          1.      Defendants Delphi Technology Inc. and James Hsieh's ("Delphi" and "Hsieh" or

18   "Delphi/Hsieh") Motion to Compel (#173), filed on February 15, 2007; Plaintiff U.S. Philips

19   Corporation's Opposition to Defendants' Delphi Technology Inc. and James Hsieh's Motion to Compel

20   (#180), filed March 5, 2007; and Defendants Delphi Technology Inc. and James Hsieh's Reply in

21   Support of Their Motion to Compel (#188), filed on March 19, 2007;

22          2.      Plaintiff U.S. Philips Corporation's ("Philips") Emergency Motion to Compel Discovery

23   And For Sanctions (#176), filed February 23, 2007; Delphi Technology Inc. and James Hsieh's

24   Opposition to Philip's Motion to Compel (#181), filed March 12, 2007; and Plaintiff U.S. Philips

25   Corporation's Reply in Support of its Motion to Compel and For Sanctions (#187), filed on March 19,

26   2007; and

27          3.      Plaintiff U.S. Philips Corporation's Emergency Motion For Entry of Protective Order

28   (#178), filed March 2, 2007; Defendants Delphi Technology Inc. and James Hsieh's Response to

1  Philip's Emergency Motion For Entry of Protective Order (#185), filed on March 14, 2007; and

2  Plaintiff U.S. Philips Corporation's Reply In Support Of Its Motion For Protective Order (#186), filed

3  on March 19, 2007.

4         The Court conducted hearings on these motions on March 22, 2007 and April 4, 2007.

5                                         **BACKGROUND**

6         As set forth in Judge Pro's Order (#171) filed January 22, 2007, this action was commenced on

7  May 6, 2005 when Philips filed its Complaint alleging patent infringement.  On August 16, 2005, the

8  Court entered its Order approving the Stipulated Discovery Plan and Scheduling Order (#31).  Over the

9  next year, additional defendants were joined to the action and certain defendants were voluntarily

10 dismissed.  The parties, however, undertook no formal discovery.  On August 28, 2006, the Court

11 entered its Order (#115) amending the Discovery Plan and Scheduling Order.[1]

12        Philips and Delphi/Hsieh exchanged written discovery requests, interrogatories and requests for

13 production of documents in September 2006.  In September 2006, Delphi/Hsieh filed a motion for

14 summary judgment and a motion to stay discovery or, in the alternative to bifurcate discovery.

15 Delphi/Hsieh subsequently responded to Philips' written discovery requests by referencing their

16 pending motions for summary judgment and to stay or bifurcate discovery, but did not otherwise

17 provide substantive responses to the discovery requests.   Philips responded to Delphi/Hsieh's discovery

18 requests in October 2006, primarily by objecting to the requests.  In October 2006, Delphi/Hsieh also

19 filed a motion to strike Philips' Opening Markman Brief (#131) which was filed on September 29,

20 2006.

21        This Court conducted a hearing regarding Delphi/Hsieh's motion to stay or bifurcate discovery

22 on November 16, 2006.  Delphi/Hsieh asserted that the only DVD products sold by Defendant Delphi

23 Technologies, Inc. were those manufactured by an affiliated company, Delphi Taiwan, which has a

24 license from Philips to sell DVD products and for which the appropriate royalties have been paid.

25

26        [1]At the present time, the only defendants actively litigating this action are Delphi and Hsieh.
   The other remaining defendants in this case are corporations whose counsel have withdrawn and an
27 individual defendant, Des Farrell, who have not participated in the motions and hearings regarding the
   matters discussed in this order.
28

1   Philips conceded that the sale of DVD products manufactured by Delphi Taiwan under license for

2   which royalties were paid would not be infringing.  Philips alleges, however, that Defendants have also

3   manufactured or sold unlicensed DVD products in the United States and argued that it needs to obtain

4   discovery from Delphi and Hsieh to investigate and prove this allegation.  Because of these factual

5   issues, the Court concluded that it was unlikely that Defendants' motion for summary judgment would

6   be granted and denied Delphi/Hsieh's motion for stay or bifurcation.  The Court noted that if

7   Defendants have not manufactured or sold unlicensed DVDs, then production of their business

8   documents would further their goal of obtaining summary judgment or a reasonable settlement, and that

9   it would make sense of the parties to initially focus discovery on this issue.  The Court, however, denied

10  Defendants' motion to bifurcate discovery which was opposed by Philips.  *See* Order (#161), pages 8-

11  10.  Delphi/Hsieh filed an objection to the Court's order denying their motion to stay or bifurcate

12  discovery.

13       Judge Pro entered his Order (#171) on January 22, 2007 denying Delphi/Hsieh's motion for

14  summary judgment, without prejudice, denying their motion to strike Philips' Markman brief and

15  overruling their objection to this Court's November 28, 2006 Order (#161).  Judge Pro further ordered

16  that Defendants would have until February 20, 2007 in which to file a substantive response to Philips'

17  opening Markman Brief and Philips would have until March 13, 2007 in which to file a Reply Claim

18  Construction Brief.  Judge Pro also amended the Discovery Plan and Scheduling Order in this case to

19  require that claim construction discovery, including depositions of experts be closed by May 25, 2007,

20  that the discovery cutoff date be extended to July 26, 2007, that case dispositive motions be filed on or

21  before August 24, 2007, and that the Joint Pretrial Order be filed on or before September 24, 2007.

22       Delphi/Hsieh thereafter filed their Motion to Compel (#173) on February 15, 2007 to compel

23  Philips to provide further responses to requests for production and answers to interrogatories.  On

24  February 20, 2007, Delphi/Hsieh also filed a Submission and Notice That They Cannot File A Final

25  Markman Brief Because Philips has Refused to Produce Relevant Documents (#175).  In their

26  submission, Delphi/Hsieh argue that they are unable to file a substantive Markman brief because they

27  have not obtained the discovery from Philips needed to prepare a substantive response.  On February

28  16, 2007, Delphi/Hsieh also served their responses to Philips' discovery requests.  In reaction to

3

1  Delphi/Hsieh's discovery responses and the filing of its motion to compel, Philips' filed its Emergency

2  Motion to Compel Discovery and For Sanctions (#176) on February 23, 2007 and Emergency Motion

3  For Entry of Protective Order (#178).

4                                              **DISCUSSION**

5        In support of their respective motions to compel and for protective order, each side claimed that

6  it made good faith *efforts* to confer in compliance with Fed.R.Civ.Pro. 37 and LR 26-7.  At the March

7  22, 2007 hearing, counsel acknowledged, however, that they had not actually met and conferred in an

8  attempt to resolve these motions without court action.

9        In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166.171-72 (D.Nev. 1996), the

10  court stated that compliance with Rule 37 and this court's local rule required that the moving party's

11  counsel "personally engage in two-way communication with the nonresponding party to meaningfully

12  discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.  *See Nevada*

13  *Power Co. v. Monsanto Co.,* 151 F.R.D. 118 (D.Nev.1993)."  The court stated a "sincere effort" to

14  resolve the dispute occurs where both parties have presented the merits of their respective positions and

15  meaningfully assessed the relative strengths of each.  *Cotacom Commodity Trading Co. v. Seaboard*

16  *Corp.*, 189 F.R.D. 456, 459 (D.Kan. 1999), further states that in a genuine dispute resolution conference

17  the parties must deliberate, confer, converse, compare views, or consult with a view to resolve the

18  dispute without judicial intervention.  They must make genuine efforts to resolve their dispute by

19  determining precisely what the requesting party is actually seeking; what responsive documents or

20  information the discovering party is reasonably capable of producing; and what specific, genuine

21  objections or other issues, if any, cannot be resolved without judicial intervention.

22        Because the parties only arguably complied with Rule 37 and LR 26-7 by *attempting* to meet

23  and confer, a meaningful dispute resolution conference did not take place.  The Court, instead, was

24  presented with opposing motions seeking to compel responses to numerous requests for production and

25  requiring the Court to rule on numerous objections thereto.  Accordingly, at the hearing on March 22,

26  2007, the Court directed that the parties' counsel meet and confer in a genuine, good faith effort to

27  resolve or narrow their discovery disputes and return for hearing the following day.  The parties'

28  counsel met and conferred and subsequently requested additional time to continue their efforts to

1  resolve or narrow their discovery disputes.  The Court agreed and scheduled this matter for a follow-up

2  hearing on April 4, 2007.

3        At the April 4th hearing, the parties advised the Court that they have resolved some of their

4  discovery disputes and have produced or agreed to produce additional documents requested by the

5  opposing party.  Some discovery disputes, however, still remain including the extent to which

6  Defendant Hsieh should be required to respond to Philips' discovery requests regarding his knowledge

7  or activities relating to the manufacture or sale of unlicensed DVD products on behalf of other

8  companies he allegedly controlled.  Although Philips previously opposed Defendants' motion to

9  bifurcate discovery, it now agrees that this case is potentially resolvable once it obtains discovery

10 relating to whether Defendants have manufactured or sold unlicensed, infringing DVD products in the

11 United States.  This discovery, and the reasonable potential for settlement based thereon, would allow

12 the parties to avoid the necessity for much more time consuming and expensive discovery on claim

13 construction issues and conducting a *Markman* hearing.  Both parties are therefore now in agreement

14 that claim construction discovery and preparation for the *Markman* hearing should take place after

15 discovery regarding whether Defendants have manufactured or sold unlicensed DVDs in the United

16 States.  The parties also agreed that further litigation regarding Delphi/Hsieh's motion to compel

17 production of voluminous materials from Philips relating to the validity and scope of its patents should

18 be deferred until after discovery is obtained from Delphi/Hsieh regarding the alleged manufacture or

19 sale of unlicensed products.[2]

20       At the April 4, 2007 hearing, Delphi/Hsieh stated that it is in the process of producing additional

21 documents requested by Philips.  Given the partial resolution reached by the parties regarding

22 Defendants' production of documents and answers to interrogatories, it was agreed that Philips will file

23 a supplemental motion or brief to its Emergency Motion to Compel Discovery and For Sanctions

24 (#176) on or before April 16, 2007.  Defendants will file their response on or before April 30, 2007 and

25 Philips will file its reply on May 9, 2007.  A hearing on Philips' Emergency Motion to Compel (#176)

26

27
          [2]Philips, however, reserves its argument that Defendants have waived their right to file a
28 responsive brief by failing to comply with Judge Pro's January 22, 2007 order.

1  will be conducted on May 18, 2007 at 9:30 a.m.   The Court will also hear further argument on the

2  Motion For Entry of Protective Order (#178) as it relates to Philips' discovery from Defendants Delphi

3  and Hsieh at the hearing on May 18, 2007.

4       The agreements reached by the parties at the April 4, 2007 hearing require a modification of the

5  amendment to the discovery plan and scheduling order set forth in Judge Pro's January 22, 2007 order.

6  As indicated above, instead of proceeding with their claim construction discovery and the scheduling of

7  a *Markman* hearing at this time, the parties will first complete discovery regarding the manufacture or

8  sale of infringing DVD products.  Accordingly, further discovery regarding claim construction issues

9  and a decision on Defendants' Motion to Compel (#173) will be stayed.  The Court shall reconsider the

10  need for a continuance of this stay at the May 18, 2007 hearing or at an appropriate status conference to

11  be scheduled thereafter.  Accordingly,

12       **IT IS HEREBY ORDERED** that the hearing on Plaintiff U.S. Philips Corporation's

13  ("Philips") Emergency Motion to Compel Discovery and For Sanctions (#176), based on supplemental

14  briefs to be filed by the parties, and Philips' Emergency Motion For Entry of Protective Order (#178) is

15  continued to **May 18, 2007 at 9:30 a.m** in Court 3A before the undersigned Magistrate Judge.

16       **IT IS FURTHER ORDERED** that discovery regarding claim construction issues and

17  resolution of  Defendants Delphi Technology Inc. and James Hsieh's ("Delphi" and "Hsieh" or

18  "Delphi/Hsieh") Motion to Compel (#173) is hereby stayed pending further order of the Court.

19       **IT IS FURTHER ORDERED** that the Discovery Cut-Off date regarding whether Defendants

20  Delphi and/or Hsieh have manufactured or sold unlicensed DVD products in the United States is

21  extended to July 26, 2007.

22       DATED this 10th day of April, 2007.

GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE

6