UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>SYNERGY DYNAMICS INTERNATIONAL,<br>LLC., et al.,<br><br>        Defendants. | Case No.  2:05-cv-00577-PMP-GWF<br><br>**FINDINGS & RECOMMENDATION** |

  This matter is before the Court on Plaintiff U.S. Philips Corporation's Motion for an Order to Show Cause Why Default Judgement Should Not Be Entered Against Synergy Dynamics International LLC and Media Owl, Inc. (#223) and this Court's Order to Show Cause Why Default Judgment Should Not Be Entered Against Synergy Dynamics International LLC and Media Owl, Inc. (#239), filed on August 22, 2007.  The hearing on the Order to Show Cause was set for September 11, 2007 at 3:30 p.m. Neither Defendant appeared at the hearing, either through counsel or through any officer or agent of the Defendants.

**BACKGROUND**

  Defendant Synergy Dynamics International LLC, while represented by counsel, filed its Answer to Amended Complaint (#49) on October 13, 2005.  Defendant's counsel was thereafter permitted to withdraw on October 31, 2006.  Defendant Synergy Dynamics International LLC has not been represented by counsel in this action since that time.  Defendant and Counterclaimant Media Owl, Inc., while represented by counsel, filed its Amended Answer to Plaintiff's Amended Complaint,

1  Affirmative Defenses and Counterclaim (#88) on March 17, 2006.  Defendant/Counterclaimant Media
2  Owl, Inc.'s counsel was permitted to withdraw on October 18, 2006, and it has not been represented by
3  counsel since that time.
4        The Order to Show Cause (#239) was mailed by the Court Clerk to that last known addresses of
5  Defendants Synergy Dynamics International LLC and Media Owl, Inc. as stated in the order.  The mail
6  containing the Orders to Show Cause have been returned by the Postal Service with the notation
7  "Return to Sender Attempted - Not Known - Unable to Forward."  *See Docket Entries* #241, #242,
8  #243, #244, #245 and #246.  The return of this mail is consistent with the information set forth in
9  Plaintiff's Motion (#223) and in the Declaration of Plaintiff's counsel Louis J. Campbell (#227) that
10 following the withdrawal by counsel for Defendants Synergy Dynamics International LLC and Media
11 Owl, Inc., Plaintiff made unsuccessful efforts to communicate with Defendants and their former counsel
12 to determine if Defendants were represented by counsel or intended to pursue a defense of this action
13 through counsel.   Plaintiff's mail to Defendants was either returned by the Postal Service or was not
14 responded to by Defendants.  As stated above, Defendants Synergy Dynamics International LLC and
15 Media Owl, Inc. did not appear at the hearing and neither Defendant, or counsel acting on their behalf,
16 have notified the Court of any intention to pursue their defenses or counterclaim in this action.

## DISCUSSION

18       Pursuant to 28 U.S.C. § 1654, it is impermissible for corporate parties to proceed pro se.   While
19 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct
20 their own cases personally," this section does not apply to corporations, partnerships, or associations.
21 "It has been the law for the better part of two centuries . . .  that a corporation may appear in the federal
22 courts only through licensed counsel."  *Rowland v. California Men's Colony, Unit II Men's Advisory*
23 *Council,* 506 U.S. 194, 202 (1993) (citing, *inter alia,* to *Osborn v. President of Bank of United States,*
24 22 U.S. 738 (1824)).  Where a corporation fails to retain counsel to represent it in an action or fails to
25 otherwise comply with the court's orders, its complaint or answer may be stricken and a default
26 judgment entered against it.  *See Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993 (9th
27 Cir. 2007).
28 . . .

Given the passage of time since Defendants' counsel withdrew from their representation and the Defendants' failure to retain new counsel, the Court finds that Defendants' answers and counterclaims should be stricken. In addition, the Court finds that the failure of Defendants to otherwise participate in this action by responding to discovery or complying with the Court's order to file *Markman* briefs, or to communicate with the Plaintiff or the Court warrants the striking of their answers and the dismissal of Media Owl's counterclaim. It does not appear that either Defendant has maintained an active business address or telephone number. It is doubtful that either Defendant is engaged in active business. In any event, Defendants have failed to inform either the Court or Plaintiff of their current address, if any, so that they could be actually served with orders, motions or other pleadings. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Synergy Dynamics International LLC's Answer to Amended Complaint (#49) be stricken, its default entered and that Plaintiff be authorized to apply for entry of a default judgment against said Defendant.

**IT IS FURTHER RECOMMENDED** that Defendant and Counterclaimant Media Owl, Inc.'s Amended Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Counterclaim (#88) be stricken and/or dismissed, its default entered and that Plaintiff be authorized to apply for entry of a default judgment against said Defendant.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

. . .

. . .

. . .

rom the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of September, 2007.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE